WO                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Nathaniel Epstein,      )  | No. CV 12-0010-PHX-GMS (DKD) |
| Plaintiff,      )  | **ORDER** |
| vs.      )  | |
| Charles Ryan, et al.,      )  | |
| Defendants.      )  | |

On January 3, 2012, Plaintiff Marc Nathaniel Epstein, who was not imprisoned when he filed his lawsuit and is not currently confined, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will dismiss the action.

**I.      Application to Proceed *In Forma Pauperis***

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a)(1). Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefore.

**II.     Section 1915(e)(2), 28 U.S.C.**

When a plaintiff is permitted to proceed *in forma pauperis*, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

| | |
|---|---|
| 1 | A pleading must contain a "short and plain statement of the claim *showing* that the |
| 2 | pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not |
| 3 | demand detailed factual allegations, "it demands more than an unadorned, the-defendant- |
| 4 | unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). |
| 5 | "Threadbare recitals of the elements of a cause of action, supported by mere conclusory |
| 6 | statements, do not suffice." Id. |
| 7 | "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a |
| 8 | claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, |
| 9 | 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content |
| 10 | that allows the court to draw the reasonable inference that the defendant is liable for the |
| 11 | misconduct alleged." Id. "Determining whether a complaint states a plausible claim for |
| 12 | relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial |
| 13 | experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual |
| 14 | allegations may be consistent with a constitutional claim, a court must assess whether there |
| 15 | are other "more likely explanations" for a defendant's conduct. Id. at 1951. |
| 16 | But as the United States Court of Appeals for the Ninth Circuit has instructed, courts |
| 17 | must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th |
| 18 | Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards |
| 19 | than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, |
| 20 | 94 (2007) (*per curiam*)). |
| 21 | If the Court determines that a pleading could be cured by the allegation of other facts, |
| 22 | a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the |
| 23 | action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court |
| 24 | should not, however, advise the litigant how to cure the defects. This type of advice "would |
| 25 | undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, |
| 26 | 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was |
| 27 | required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for |
| 28 | failure to state a claim, without leave to amend because the defects cannot be corrected. |

### III. Complaint

In his two-count Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections Director Charles Ryan, Gila County Attorney Daisy Flores, and Gila County Deputy County Attorney Patti Wortman.

In Count One, Plaintiff alleges a violation of his due process rights, claiming that he was denied counsel during the signing of his plea agreement. He contends that Defendant Wortman presented a plea agreement to Plaintiff for signature, but Plaintiff's criminal defense attorney was not present when Plaintiff received and signed the plea agreement. Plaintiff asserts that Defendants Flores and Wortman "bear responsibility for the abuse of due process."

In Count Two, Plaintiff contends that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because "[a]s a function of the previous denial of counsel for [the] plea agreement." He alleges that after he signed the plea agreement, a superior court judge sentenced Plaintiff to 2.5 years' imprisonment. Plaintiff contends that Defendant Ryan "bears technical responsibility for Eighth Amendment violations" because the sentence was "carried out under the authority [of Defendant] Ryan."

In his Request for Relief, Plaintiff seeks a "written and published apology" from Defendant Flores, a monetary settlement, and his court costs.

### IV. Failure to State a Claim

#### A. Failure to Link Defendants with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens

and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Flores or Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Moreover, Plaintiff is incorrect that Defendant Ryan "bears technical responsibility" for incarcerating Plaintiff pursuant to a sentence imposed by a superior court judge.

Thus, the Court will dismiss Plaintiff's claims against Defendants Flores and Ryan.

### B. Failure to State a Claim

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff's claims imply the invalidity of his conviction and sentence, and his claims are therefore barred by Heck.

Moreover, prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Immunity extends to the plea bargaining process. Briley v. California, 564 F.2d 849, 856 (9th Cir. 1977). Thus, Defendants Flores and Wortman are protected by absolute immunity.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim and the Clerk of Court must enter judgment accordingly.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 31st day of January, 2012.

*G. Murray Snow*
G. Murray Snow
United States District Judge